NATH HALL v. THE STATE.

No. 523.   Decided March 16, 1910.

**Rape—Argument of Counsel—Statement of Facts.**

Where, upon appeal from a conviction of rape, there was no statement of facts on file, and the record did not show that any request was made for the withdrawal of the alleged objectionable remarks by State's counsel, there was no reversible error.

Appeal from the District Court of Gregg.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*F. B. Martin,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Gregg County on December 6 of last year on a charge of rape, and his punishment assessed at confinement in the penitentiary for life.

As the record reaches us, there is no statement of facts.   It is

stated in the brief filed herein that the testimony in the court below was a question merely of the credibility of the witnesses to be passed on by the jury. We assume, of course, that a statement of facts could not have aided appellant on his appeal, or one would have been filed. There is in the record only one bill of exception, and that complains of the improper argument of the district attorney. By reference to this bill it appears that the district attorney, in his closing argument, turned and pointed his hand at the defendant, and told the jury, "You have there that wretched wretch." In what connection this was said, whether in respect to the mere matter of identity, and whether justified or not, we can not in the nature of things determine. The record does not show that any request was made of the court to instruct the jury touching this remark of counsel; what action was taken by the court in respect to same the bill does not state. It is well settled that the extent and manner of argument is confined largely to the discretion of the trial court, and that it is not subject to revision except in a clear case of abuse. In the absence of a statement of facts, or some further light thrown on the matter, it is not clear that in any event appellant's rights could have been injured by a designation of this character, conceding that it was improper. This is the only ground on which the appeal is based.

Finding no error in the judgment of the court below, it must follow that the conviction must be affirmed, as is now done.

*Affirmed.*