## WALTER BELK V. THE STATE.

No. 9448. Delivered December 9, 1925.

Rehearing denied January 20, 1926.

**1.—Sending Anonymous Letter Assailing Chastity of Female—Evidence—Held, Sufficient.**

Where appellant wrote a letter to a female as·follows: "Listen C, if you will give me some, I will get you a coat and lend you my silver fox fur to wear this winter. Answer and return this letter and don't tell no one that I told you this, for what people don't know, don't hurt them." Such letter reflected upon the virtue of the female addressed. Following Bradfield v. State 166 S. W. 734.

ON REHEARING.

**2.—Same—Rule Stated.**

He who writes, and personally delivers a defamatory anonymous letter or written instrument to a female is within the comprehension of the statute. It is not material as to when, where or how he writes or makes the written instrument. If he sends it, or delivers it to the person for whom it is intended, and it is unsigned, and of the character denounced by the statute, he is guilty of an offense. See Bradfield case, supra.

Appeal from the County Court of Bowie County. Tried below before the Hon. S. I. Robinson, Judge.

Appeal from a conviction for sending, delivering etc., an anonymous letter reflecting upon the chastity of a female, penalty a fine of $250.00 and thirty days in the county jail.

The opinion states the case.

*Lincoln & Barkman,* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This appeal is taken from a conviction for a violation of the law forbidding the sending, delivering, etc., of an anonymous letter reflecting upon the chastity of a female, with punishment fixed at a fine of $250.00 and thirty days in the county jail.

We find nothing in appellant's motion to quash the complaint and information, or in his motion in arrest of judgment. The alleged anonymous letter was set out fully in the pleadings, and

innuendo averment was resorted to in order that certain expressions used in the letter might be made plain. Both motions referred to were couched in general language and charged that no offense against the law was pleaded. The letter follows:

"Listen C,—if you will give me some I will get you a coat and lend you my silver fox fur to wear this winter. Answer and return this letter and don't tell no one that I told you this, for what people don't know don't hurt them."

The proof showed without contradiction that Cecil Belk, the alleged injured female, understood the expression "if you will give me some," in accord with the explanatory averments appearing in the pleading.

In his brief appellant urges that the statute was not made to cover a case where the alleged anonymous letter is written in the presence of the female and delivered to her by the writer; and that the language of the letter is reflective only because of the character of the proposal made to the young woman. Bradfield's case, 166 S. W. Rep. 734, holds that one who writes and delivers such letter is guilty, and we fail to see any distinction in the criminality of the act of one who wrote the letter in the same room or place where the addressee is, and the one who wrote it in a different place.

A letter asking a female to allow the writer to have sexual intercourse with her, most forcibly reflects upon her virtue and chastity. The very proposition is based upon and imputes to her a want of virtue and chastity and embodies the belief of the writer in such fact.

Being unable to agree with the contentions made on behalf of appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

LATTIMORE, JUDGE.—Appellant again urges that because he wrote in her presence the unsigned letter which was delivered to the prosecuting witness, and his case is not covered by the Statute. We are unable to follow his reasoning. If the Statute only intended to punish for the concealment of the identity of the writer, one would go free who delivered a scurrilous unsigned letter but informed the recipient who wrote it. The language of the Statute is plain and unambiguous. A letter which has no name signed, is anonymous.

The rules of construction laid down in Bradfield's case, supra, are inserted in that opinion to make plain the court's conclusion that he who writes and personally delivers a defama-

tory, anonymous letter or written instrument of some character, is within the comprehension of the Statute. We are in accord with said rules and believe them intended to punish any person evil enough to write and send or deliver a written instrument reflecting upon the integrity, chastity, virtue, good character or reputation of the addressee, who was also cowardly enough to refuse to put his name to the document, so that he might unquestionably be called upon to answer for his act. One who signs a document of any character has less chance to escape whatever consequences may be entailed by its execution or delivery than he who thus refuses to identify himself but writes anonymously. We do not think the question at all material as to when, where or how he writes or makes the written instrument. If he sends it or delivers it to the person for whom it is intended, and it is unsigned, and of the character referred to in the Statute, he should be punished.

The motion for rehearing will be overruled.

*Overruled.*