The record has been re-examined in the light of the appellant's motion for rehearing. For the reasons stated in the opinion on motion for rehearing in the companion case of Walter Duffer v. State, 27 S.W.(2d) 242, the motion in the present appeal is also overruled.

### Sylvester SANDERS, Appellant, v. STATE of Texas, Appellee.

#### No. 13156.

Court of Criminal Appeals of Texas.

March 26, 1930.

O. W. Blocker and Pirkey & Atchley, all of New Boston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

The indictment charged in one count that Walter Duffer, Fuller Duffer, and Sylvester Sanders sold intoxicating liquor to Ennis Fort, and in another count that the three parties named possessed intoxicating liquor for the purpose of sale. The parties were tried jointly and all convicted under the count last named, and each was assessed a punishment of one year in the penitentiary. Separate verdicts were returned and separate judg-

ments entered, and the cases reached this court under separate records as though there had been separate trials, but with identical transcripts and statements of facts.

The evidence has been rather fully set out in the opinion in Walter Duffer v. State (Tex. Cr. App.) 27 S.W.(2d) 242, this day decided, and it is unnecessary to repeat it here. It was stated in that opinion what disposition should be made of the present case. Reference is made to that opinion for the reasons upon which a reversal of the judgment in the present case is predicated.

The judgment is reversed, and the cause remanded.