# DECEMBER 17, 1941

FRANK ARDOVINA V. THE STATE.

No. 21815. Delivered December 17, 1941.

The opinion states the case.

*Fryer & Milstead* and *W. O. Hamilton,* all of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Harold S. Long,* Assistant District Attorney, both of El Paso, and *Spurgeon E. Bell,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of keeping and being interested in keeping a building, room and place for the purpose of gambling with cards and dice. The punishment assessed is confinement in the State penitentiary for a term of two years.

The State's testimony, briefly stated, shows that appellant's wife had leased the Savoy Hotel situated in the City of El Paso through an agent of Mrs. Kamber, the owner, who resided in the City of New York. It was further shown by the testimony of the agent that since the lessee was a married woman, he demanded that her husband also sign the lease. On the night of April 7, 1941, officers observed on the third floor of the Savoy Hotel some men sitting around a table engaged in a game of cards while others stood around a dice table throwing dice. On the next night the officers went back to the Caples Building and from the same room they again observed the same men playing cards and others throwing dice. They then went to the Savoy Hotel and proceeded to the room where the game was in progress. When they got near the room they noticed the door thereof was partly open and they could see the game being played. They stepped into the room and arrested all of the men including the appellant, who was participating in the game. They then took charge of all the cards, money, dice and tables. Mr. L. Hershey, one of the players, stated to the officers at the time that he had rented the room from appellant's wife; that he was the owner of all the gambling paraphernalia, and signed a document authorizing the officers to destroy the same without an order from the court. The record further discloses that when the officers requested Hershey to sign the order authorizing the destruction of the gambling paraphernalia, he at first demurred and asked appellant what to do about it, to which appellant replied, "Go ahead and sign it. They would get a court order to destroy it anyway."

Appellant's first complaint is that the trial court erred in declining to sustain his motion to quash the indictment. We have examined the same and it appears to us to charge the offense in the language of the statute; and it seems to be in

accord with the form prescribed by Mr. Branch in his Ann. Tex. P. C., p. 661, sec. 1183. Hence we overrule appellant's contention.

Appellant next questions the sufficiency of the evidence to sustain his conviction for the offense of keeping and being interested in keeping a gambling house or room. There is no evidence that he was interested in keeping a room in which to gamble or that he received any of the proceeds from the gambling enterprise. The only evidence upon which the State relies for a conviction is the fact that Hershey asked appellant for advice as to whether or not he should sign the order for the destruction of the paraphernalia before he signed the document authorizing the officers to do so; and the further fact that appellant was the husband of the lessee of the building. In our opinion, this is insufficient to overcome the presumption of innocence to establish the appellant's guilt beyond a reasonable doubt as required by law. In support of what we have said, we refer to the case of Lewis v. State, 136 Tex. Cr. R. 105; and also Blum v. State, 47 S. W. 1002, where the evidence seems to be stronger than that in the present instance.

The disposition which we are making of this case renders it unnecessary for us to discuss any of the other complaints presented for review.

Having reached the conclusion that the evidence is insufficient to justify and sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.