## LEE YARBROUGH V. THE STATE.

No. 22492. Delivered May 12, 1943.
Rehearing Denied June 23, 1943.

The opinion states the case.

*Clifford Graves,* of Paducah, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Ausin, for the State.

DAVIDSON, Judge.

This is a conviction for robbery by assault, with punishment assessed at five years in the State penitentiary.

The injured party identified the appellant as one of three persons who, after assaulting him, robbed him of approximately $55.00. The jury, being the exclusive judge of the facts, was, notwithstanding appellant's denial, authorized to believe the testimony of the injured party. Appellant's contention that the facts are insufficient to support the jury's conclusion of guilt is overruled.

A report of the robbery was made to the Sheriff of King County, who, as a result thereof, in company with the Sheriff of Cottle County, contacted the appellant, at his home; and, in the course of the conversation between them, the appellant admitted his guilty connection with the robbery.

Appellant objected to the receipt in evidence of this testimony because he was under arrest at the time and because he was not duly warned as required by the statute relative confessions. The qualification to the bill of exception presenting this matter shows that, at the time the appellant made the statement to the officers, he was not under arrest. The facts support the correctness of this qualification. The appellant having accepted the bill of exception as thus qualified, he is bound thereby. The testimony was admissible as a declaration by the accused against interest.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that Bill of Exception No. 2, which we failed to discuss in our original opinion, presents reversible error. Our failure to discuss this bill of exception was by reason of the fact that, by more than one witness, facts to the same effect were admitted in evidence, without objection; and, in addition, the testimony complained of was deemed proper cross-examination of the witness, in view of the testimony given upon direct examination while testifying as appellant's witness.

According to the State's testimony, the robbery occurred at night, beside a public highway, to which place the injured party

had been driven by appellant, appellant's wife, and one Red Funderburk. Prior thereto, all parties were together at a cafe, and the injured party was drinking and was making some display of his money.

It was the appellant's position, and he so testified, that no robbery occurred, but that the money was lost by the injured party, in a dice game, played with Funderburk and himself, beside the road, with light furnished from the car.

Upon direct examination of the witness Olen Meeks, who was the cook at the cafe, appellant proved that the injured party was making a display of his money in the cafe and that said witness "- - - - told Charlie Bullock to get the old man (injured party) and carry him in the store because I was uneasy for him, he had too much money on him, - - - - -."

Upon cross-examination of this witness, the State proved that "- - - - the old man (injured party) seemed like he was too free-hearted with his money and there was too many people in there that was drinking and ready to catch those kind of people. In other words, I thought they were going to get his money." This last statement of the witness is the one to which appellant objected as being an opinion of the witness, irrelevant and immaterial. This is the question presented in Bill of Exception No. 2.

The testimony was proper cross-examination of the witness, especially as being explanatory, as to why the witness was uneasy for the injured party on account of the money he had, to which the witness had testified upon direct examination by the appellant. The appellant having first gone into the matter, he could not be heard to complain of cross-examination relative thereto. It was upon this principle that the trial court predicated his ruling as shown by the following qualification to said bill number two. "The witness was asked questions on direct examination by defendant about what had been happening in there, and that the testimony objected to was on cross-examination, clearing up questions started by direct examination of the defendant's counsel."

Appellant himself testified that the witness Meeks, in his presence, told the injured party that, if he did not sit down in the cafe, "he would get knocked off and there was six or seven sitting at this table"; and that Meeks then said to appellant, "If he don't busted here he is going to get busted before he

leaves here tonight;" while the witness Bullock testified, without objection, that the witness Meeks told him: "He just asked me would I get him (injured party) out of the bar, that he thought he was going to be rolled of his money."

It is apparent that testimony to the same effect as that objected to was in evidence from other sources, without objection, and that, by reason of all this evidence, Bill of Exception No. 2 fails to reflect reversible error.

The appellant's motion for rehearing is overruled.