# JUNE 27, 1945

ROBERT DAVIS V. THE STATE.

No. 23118. Delivered May 9, 1945.
Rehearing Denied June 27, 1945.

The opinion states the case.

*Currie McCutcheon* and *Geo. W. Allison,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a period of twenty years.

The record shows that appellant and deceased had lived together, although not legally married, for approximately four or five years next preceding the day of the killing; that on the day in question they had been arguing, fussing and quarreling at intervals all day; that about 6:00 P. M., while the deceased was preparing to take a bath, they were both in a hostile mood and still quarreling; that the deceased requested appellant to leave, whereupon he told her to shut up, and when she replied, "You shut up," he shot her three times. One of the bullets struck her in the abdomen from the effects of which she died a few days later.

Appellant's defense was self-defense. His testimony is to the effect that after she had ordered him to leave and while he was gathering his clothes and other personal belongings for the purpose of leaving, she took a photograph which his nephew, who was in the Armed Forces of the United States, had sent him, and with an ice pick she mutilated the same by punching out the eyes in the photograph; that she then turned toward him and threatened to punch out his eyes, whereupon he got his pistol from under the pollow of the bad, and as she continued to advance upon him with the ice pick, he shot her in his own self-defense.

From the foregoing brief statement it will be noted that an issue of fact was raised which the jury decided adversely to him.

By Bill of Exception No. 1 appellant complains, first of the testimony given by Rosa Hill; and second, of that given by Jewel Madison. The bill reflects that Rosa Hill, a State's witness, testified that she lived near the home of the deceased; that on the day in question she heard three shots and about four or five minutes later she saw appellant coming out of the house with a pistol in his right hand and a shotgun in his left hand; that he calmly walked away; that about a minute later the deceased, who was barefooted and had nothing on her body except a brassiere and step-ins, came out of her home but immediately returned, put on a loose dress, then came out again and started walking in the direction of a cafe operated by her brother; that while the deceased was on her way to the cafe she (the witness) inquired of her if she was hurt, to which the deceased replied that she was, but would try to make it to her brother's

cafe, which was about one and one-half blocks away. The bill further recites that Jewel Madison, who also lived in the immediate vicinity of the shooting, noticed the deceased holding her hand to her abdomen as she was going toward the cafe; that four or five minutes later the witness, Jewel Madison, went to the cafe and engaged the deceased in conversation; that the deceased, in response to a question, told the witness that she was shot; that Robert (appellant) shot her in the stomach. The witness then inquired of her as to what she was doing at the time, to which she replied that she was fixing to take a bath and that while sitting in a chair she and appellant were arguing; that she told him to leave and he told her to shut up, and when she told him to shut up, he shot her three times; that she did not have anything with which to protect herself, not even a pocket knife. The objection urged to this testimony was that it was hearsay, not res gestae, nor was it admissible as a dying declaration because a proper predicate for its introduction had not been laid. The trial court, in his qualification of the bill, states that he admitted the testimony as a part of the res gestae of the offense. The record shows that this statement was made by the deceased to the witness, Jewel Madison, within ten or fifteen minutes after the fatal shooting. The fact that it was made in response to interrogatories which did not suggest any particular reply would not prevent it from being res gestae; nor would the fact that after she came out of the house in almost a nude condition, then went back, put on a loose dress and again emerged from it for the purpose of going to the cafe prevent it from being res gestae. It occurs to us that the statement by the deceased was made well within the time limit so as to bring it within the rule of a res gestae declaration. In 18 Tex. Jur. p. 305, sec. 190, the rule is stated as follows:

"The res gestae embraces not only the actual facts of the transaction and the circumstances surrounding it, but the matters immediately antecedent to and having a direct casual connection with it, as well as acts immediately following it and so closely connected with it as to form in reality a part of the occurrence."

This rule has been followed in the following cases: Hobbs v. State, 55 Tex. Cr. R. 299 (301); Pierson v. State, 18 Tex. App. 524, (562); White v. State, 30 Tex. Cr. App. 652, (654); Johnson v. State, 149 S. W. 165, 67 Tex. Cr. R. 441; Puryear v. State, 56 Tex. Cr. R. 231, (240).

Having reached the conclusion that the trial court was cor-

rect in holding the statement to be a part of the res gestae, the contention made by appellant in his bill is overruled.

By Bill of Exception No. 2 appellant complains of the conduct of the special prosecutor, Jimmie MacNicoll, who, at the conclusion of his cross-examination of appellant, propounded to him the following question: "You were sorry about it, weren't you, Davis, that you did not send her a flower; you didn't even plant a flower on her grave, did you? That is how sorry you were—you never shed one tear over her death, did you? Do you even happen to know where she is buried? That is all."

The court, in his qualification of the bill, states that appellant was not given an opportunity by Mr. MacNicoll to answer the questions; that no objection was made to the asking of the questions and no instruction was requested from the court to the jury not to consider the same and no exception was reserved by appellant. The bill, as qualified by the court, was accepted by appellant and he is bound thereby. See 4 Tex. Jur. p. 278, sec. 194; also Jenkins v. State, 146 Tex. Cr. R. 364; Ballew v. State, 141 S. W. (2d) 654; Whitlock v. State, 146 Tex. Cr. R. 594; Yarbrough v. State, 146 Tex. Cr. R. 217. The bill, as qualified, brings no question before us for consideration.

By Bill of Exception No. 3 appellant complains because Jimmie MacNicoll, who was not the District Attorney, nor an Assistant District Attorney of Dallas County, was permitted to participate in the prosecution of appellant. He contends that this was a violation of Art. 52-24, C.C.P., (Vernon's Ann. Tex. C.C.P., Vol. 1, p. 67), and constitutes reversible error. The bill upon its face shows that an Assistant District Attorney was present, took part in the trial of the case, and directed the prosecution. The bill fails to disclose any act which the special prosecutor did that was improper or was done without the consent or approval of the Assistant District Attorney. We see no inhibition in the statute referred to against any lawyer, with the consent and approval of the District Attorney, or his assistant, from participating in the prosecution of anyone accused of a violation of the laws of this state. This question seems not to have ever been before this court, nor has appellant cited us to any authorities, either in this state or any other jurisdiction, which sustains his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant in his motion for rehearing, supplemented by able oral presentation, argues with much force his contention that the declarations of the deceased made to the witness Rose Hill were not a part of the res gestae and were therefore hearsay.

The record has again been examined in the light of this contention. To accept appellant's theory of res gestae would be to overrule a long line of decisions on this question and return to the common law rule, which is that for a statement to be res gestae it must be strictly confined to the time of the transaction, itself. This we are unwilling to do. Moreover, we remain steadfast in the view which has often been expressed by this Court that in determining, in a given case, whether evidence be a part of the res gestae the conclusion of the trial court must be given great weight. Nami v. State, 97 Tex. Cr. R. 522, 263 S. W. 595. The conclusion here reached is the same as stated in Glover v. State, 126 Tex. Cr. R. 56, 70 S. W. (2d) 155-161, where we said:

"We realize the great difficulty under which the trial court labors in determining the admissibility or otherwise of statements claimed to be res gestae whether such statements are offered by the state or the accused, and we are acutely aware of the difficulty which confronts this court in reviewing the action of the trial court in the regard mentioned. Under the facts presented in the present record, and which have been detailed at some length in our original opinion, our view remains as therein expressed that the action of the trial court should not be held to have been an abuse of judicial discretion in the premises."

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.