ROBERT COLLINS V. THE STATE.

No. 23848. Delivered May 15, 1946.

The opinion states the case.

*Florence & Florence,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery by assault. The punishment assessed is confinement in the state penitentiary for a term of twelve years.

There are no bills of exception in the record. Neither are there any objections to the court's charge or any special charges. Consequently, there is nothing presented for review except the contention that the evidence is insufficient to sustain the conviction.

The record reflects that about 6:00 P. M., on the 24th day of February, 1945, appellant and his wife came to the home of Johnnie Orr which consisted of a two-room house located in Texarkana, Texas; that appellant stated to Orr that his wife would cook one meal a day for him and clean up the house at one dollar per day, which Orr agreed to pay. Appellant then requested a loan of two dollars so that he and his wife might purchase some groceries as they did not have any money at the time. Orr, who had some $43.00 in his pocket-book, took therefrom two dollars and handed them to the appellant, leaving Orr with $41.00 in bills. Appellant saw this money in the pocket-book at the time. After obtaining the money, appellant left in company with his wife. Soon after they had gone Orr retired for the night. About 8:00 P. M., appellant came back and knocked on the back door. Orr, who was aroused from his sleep by the knocking, inquired, "Who is it?" Appellant replied, "Robert." When Orr opened the door, appellant struck him, knocked him down and left him lying on the floor badly injured and in an unconscious condition. After Orr recovered consciousness, he went to the home of a neighbor and reported what had happened. A woman, who was taking care of some of the neighbor's children, was the only person present, since the neighbors were away from home. She called the officers who found Orr lying on the front porch of the neighbor's house with nothing but his shorts on. They saw that he was seriously injured and immediately called an ambulance. He was taken to a hospital where he remained thirty-one days for treatment. The officers then went to the home of Orr and found his trousers in his bedroom, but his pocket-book containing the money was missing. They found quite a large pool of blood on the floor. A brick with blood on it and an ax handle with blood on it were also found, which indicated that these articles had been used in making the assault upon Orr.

Appellant testified in his own behalf to the effect that he went back to the home of Orr on the night in question for the

purpose of buying some whisky; that he did buy some whisky; that when he got ready to leave Orr said to him: "Do you want to shoot that whisky off?" to which he replied, "Yes, sir; but I don't have any dice," whereupon Orr said that he had some. They then began to throw dice. Orr threw a "ten" and appellant threw an "eleven." Appellant said, "That is copped dice" and Orr replied, "No, it isn't." A heated argument ensued and appellant said, "They told me the way to keep out of trouble was to leave." He tried to get out of the house, and when he did so, Orr cut him; that he took the butcher knife from Orr and threw it away; that Orr reached under the bed and got an ax handle, but he (appellant) grabbed it, took it away from him and struck him over the head with it and then left him lying on the floor. No whisky was found on the premises of Orr. Neither was there any butcher knife found on the premises. Furthermore, Orr testified that he had no butcher knife in his house.

The above in substance constitutes the testimony adduced by both the State and the defendant.

It occurs to us that if the jury had believed the defendant's story, which evidently they did not, they would have acquitted him.

Appellant, in his motion for a new trial, contends for the first time that the court should have instructed the jury relative to the law of circumstantial evidence. No objection seems to have been interposed to the court's charge on that ground. If appellant had desired a charge on circumstantial evidence, he should have objected to the court's charge or requested a special charge on the subject before the case was submitted to the jury, as required by Art. 658, C. C. P.

We think that the case of Barfield v. State, 137 Tex. Cr. R. 256, 129 S. W. (2d) 310, disposes of the question raised by appellant in his brief.

Many other grounds for a new trial are set up in the motion, but these all came too late. Hence we cannot consider them. As above stated, these contentions should have been made during the trial before the case was submitted to the jury.

Believing that the evidence is sufficient to sustain the conviction, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.