## HOWELL DEAN SPARROW V. STATE.

No. 29,848. June 11, 1958.
Appellant's Motion for Rehearing Overruled
October 15, 1958.

*Burks & Brown*, by *Clifford W. Brown*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, *James P. Brewster*, Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is operating a motor vehicle upon a public highway while intoxicated; the punishment, three days in jail and a fine of $50.

Police officers arrested appellant while he was driving an automobile upon a public highway and after he was seen to make a U-turn crossing yellow center line stripes. He had, while the officers were following him, struck the side of an underpass four or five times.

Several officers who observed him at the police station and the arresting officers testified that appellant's speech was incoherent, his eyes were glassy, and that he had difficulty in walking. Some smelled alcohol on his breath.

There was also evidence that the officers experienced some difficulty in getting appellant into a cell after he was booked at the jail.

Having stated the basis for their opinion, including their experience and the foregoing, a number of witnesses testified that in their opinion appellant was drunk.

Appellant testified in his own behalf and offered witnesses who supported his testimony that he was not intoxicated on the night in question.

The jury resolved the issue of appellant's intoxication against him and there is sufficient evidence to sustain its verdict.

Reversal is sought upon two propositions.

The first complains that a witness was permitted to testify that appellant's female companion was booked for illegal possession of barbiturates.

The witness admitted that he did not know if the girl and appellant were arrested together. There is ample evidence, including appellant's testimony, that the girl was riding in the car with appellant; was taken to the police station and that before she was taken to a hospital and searched she was asked: "Would you like to take your personal belongings out or would you like for us to take you to the hospital and have them taken out?"

The girl asked appellant, "Which one is better?" and appellant replied "You can do what you want to."

Also at this time appellant, according to his testimony, suggested to the officers that they "please respect the lady," saying that they addressed her as "Honey."

The testimony appears to have been admissible as part of the transaction and no abuse of discretion in its admission is shown. Davis v. State, 148 Texas Cr. Rep. 499, 188 S.W. 2d 397.

The remaining claim for reversal relates to the sustaining of an objection to part of the final argument of appellant's counsel.

Sgt. Fortner testified for the state. He repeatedly stated that he had never talked to anyone in the county attorney's office about what he was going to testify in the case.

Appellant's counsel was attempting to argue to the jury that it was a reasonable assumption that the state would not have placed Sgt. Fortner on the stand without knowing what he was going to testify to.

We are not impressed with the contention that this bill reflects reversible error. There was much evidence aside from that of Sgt. Fortner to sustain the jury's findings and the minimum punishment was assessed. No abuse of discretion is shown in the court's ruling. Hall v. State, 58 Texas Cr. Rep. 512, 126 S.W. 573.

The judgment is affirmed.

MORRISON, Presiding Judge, dissenting.

I do not agree that the evidence that appellant's female companion was booked for possession of barbiturates was admissible. The appellant was charged with driving while intoxicated, and the officers testified that he was intoxicated from the use of alcohol. I can see no relevancy whatsoever in the testimony objected to, and clearly it was injurious.

I respectfully dissent.

## ON MOTION FOR REHEARING

DAVIDSON, Judge.

Upon further consideration, the conclusion is reached that proof was not admissible that appellant's woman companion had been filed upon for possession of barbiturates.

We are unable to agree with the appellant that this testimony was of such importance or materiality as to prejudice his rights.

What we hold is that under this record the trial court did not abuse his discretion in overruling appellant's motion for a new trial based upon the error mentioned.

Appellant's motion for rehearing is overruled.