ESTIL HARLAN FISCHER V. STATE

No. 34,714.   October 3, 1962

*Louis W. Woolsey,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 1295, V.A.P.C., for sending an anonymous letter; the punishment, one month in jail and a fine of $250.

The state's testimony shows that the prosecuting witness and her two women companions lived in a house located across the street from appellant's residence. On the evening of December 28, 1960, after the prosecuting witness, who was employed at a Veterans Administration Hospital, and her two companions returned home from work, one of the women went to the mail box around 6 p.m., and found a letter marked " 'personal' " and

addressed " 'To the one who is the head.' " The letter was opened and its contents noted by the three women. The letter read:

"Dear neighbor: This may be a peculiar way of doing things but then we live in peculiar times, don't we. I have never met you but I am one of your neighbors. Recently I heard something I would like to tell you if I can sometime. But I also have another request that I wish you would grant. I hope this note gets in the right hands. One of you, I believe is a former teacher and Veteran employee, that is the one to whom I am writing. my other request is perhaps peculiar but I want you to love me sexually and you take the part of the man and let me be the woman (I am a man). If you will do this for me would you leave your front porch light on as an O K signal Wed_and Thurs evening_Thurs in case you don't get this in time for Wed. I'll try to drop around between 8 and 9 if I can get away. Please be careful though as we have 'spying' neighbors. I hope you will see me. Thanks. If the light is not on I'll take for granted that you do not want me."

(Signed)    "Doc"

" (Better destroy this note thoroughly.)"

After the three read the letter, the police were called. They came to the house, and, after talking to the women, left with the letter. The women left the front porch light on, and around 8 p.m. appellant came to the door, rang the door bell, and when asked by the prosecuting witness who he was, answered " 'I am Doc.' " Upon being asked where he lived, appellant answered " 'Across the street * * * Aren't you going to let me in?' " Soon thereafter the police arrived upon the scene and apprehended appellant in the driveway after he stated to them, " 'I am the one that wrote the letter.' "

Appellant's voluntary statement made to Officer Campbell after his arrest was introduced in evidence by the state. In the statement, appellant admitted having written the letter in question and placing it in the mail box at the home of the prosecuting witness.

Appellant did not testify or offer any evidence in his behalf.

Appellant complains of the court's action in overruling his motion to quash the information on the ground that it did not charge an offense because the language contained in the letter

did not reflect on the chastity, virtue, and good character of the prosecuting witness and for the further reason that the allegation in the information that appellant did "send and cause to be sent" the anonymous letter was insufficient to allege the manner and means by which the offense was committed.

While the motion to quash was not timely made, being filed and presented after selection of the jury and after appellant entered his plea of not guilty, we have considered the grounds urged by appellant and find the allegations of the information sufficient to charge an offense.

The letter in question requested sexual intercourse, which clearly reflected upon the virtue of the prosecuting witness. Belk v. State, 278 S.W. 842.

The allegation in the information that appellant did "send and cause to be sent" the anonymous letter was in the language of the statute, Art. 1295, supra, and sufficient to allege the manner and means by which the offense was committed. Bradfield v. State, 166 S.W. 734.

Appellant next complains of the admission of the letter in evidence over the objection of a variance because the letter contained more words, phrases, and language than the quoted phrases in the information. We find no error in admitting the letter in evidence, as the quoted phrases set out in the information were exactly as contained in the letter. The burden was upon the state to prove that the letter was written and sent. In making such proof, the entire letter was admissible, although it was not necessary to set out the letter in its entirety in the information. Bradfield v. State, supra.

Complaint is made to the court's action in permitting two of the officers to testify as to the statement made by appellant on the occasion of his arrest. The record reflects that at the time appellant made the statement to the officers he was not under arrest. There was no error in admitting the testimony.

Complaint is further made to the admission of appellant's confession in evidence over his objection that the proper predicate had not been laid. It is appellant's contention that he was not identified by Officer Campbell, to whom the confession was made, as the person who made it.

While Officer Campbell was unable to identify appellant at

the trial as the person who gave the statement, he testified positively that the defendant Estil Harlan Fischer was the person who gave the statement to him. The proof shows that it was the appellant who was taken to Officer Campbell's office on the night of his arrest and is sufficient to show that it was he who gave the written statement to the officer.

Appellant's remaining complaint is to certain jury argument of state's counsel. The bill of exception as prepared by appellant and presented to the court alleges that counsel stated " 'They have made no defense to this.' "

The court in his qualification of the bill, to which appellant made no exception, refused to certify that such statement was made but did certify that state's counsel in his opening argument stated: " 'In this kind of case, there is no defense except,' " at which time a defense objection was overruled and counsel continued in the following manner:

" 'There is no defense in this kind of case except that he didn't write the letter.' "

We are unable to agree with appellant that the statement certified by the court as having been made by state's counsel may be reasonably construed as a reference to his failure to testify. No reversible error is presented by the bill.

The judgment is affirmed.

Opinion approved by the Court.