**Kenneth GIBBS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43712.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Murray J. Howze, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for sodomy; the punishment was assessed by the court at six years.

Four grounds of error are urged by the appellant. The first and second are that the trial court erred by overruling his objection to a failure to instruct the jury that the complaining witness, a 12 year old boy, was an accomplice as a matter of law,[1] and the refusal to give his requested charge to that effect.

The record reflects that objections to the court's charge and requested charge were dictated into the record. They were not reduced to writing and presented to the

court prior to the reading of the charge to the jury, as is required by Articles 36.-14 and 36.15, Vernon's Ann.C.C.P. Therefore, nothing is presented for review. See Walker v. State, Tex.Cr.App., 440 S.W.2d 653; Walling v. State, Tex.Cr.App., 437 S.W.2d 563; Sockwell v. State, Tex.Cr. App., 429 S.W.2d 460; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

Grounds of error one and two are overruled.

Next, appellant contends the court erred by admitting, over objection, evidence concerning "possible other and extraneous offenses."

The record reflects that three 12 year old boys testified that the appellant told them that he had committed an act of sodomy with the complaining witness. This occurred in the home of the appellant on an occasion when he had invited them and the complaining witness to his house. Such an admission of guilt by the appellant is clearly admissible. Fischer v. State, 172 Tex.Cr.R. 592, 361 S.W.2d 395; Bedwell v. State, 165 Tex.Cr.R. 143, 305 S.W.2d 372; McKinney v. State, 149 Tex.Cr.R. 46, 191 S.W.2d 27; Yarbrough v. State, 146 Tex. Cr.R. 217, 172 S.W.2d 345. See also 24 Tex.Jur.2d 170, Evidence, Sec. 614.

Ground of error number three is overruled.

Finally, appellant contends that he was deprived of his right to introduce evidence on his defense of alibi.

The indictment alleges that the offense occurred on September 14, 1968. The appellant called as a witness a Superintendent of the company that employed him from August 25th until October 19th of 1968. This witness admitted that the appellant left the job in Balmorhea (where this witness was the Superintendent) in

---

1. The court submitted to the jury the issue of whether the complaining witness was an accomplice.

August and was sent to another job with the same company and remained there until October. The witness was asked if appellant was on the payroll with the company on the date in question. When the said witness attempted to divulge some information he had received by telephone, an objection thereto was sustained as being hearsay. The trial court did not err by excluding this testimony. See 24 Tex.Jur.2d 51, Evidence, Section 557, and cases cited therein.

Appellant's fourth and final ground of error is overruled.

There being no reversible error, the judgment is affirmed.