**Eddie Marion BURLESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45752.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied March 28, 1973.

Melvyn Carson Bruder and Tim Banner, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for felony theft, with punishment, enhanced

under a prior conviction of like character under Article 62, Vernon's Ann.P.C., ten years.

The sufficiency of the evidence is not challenged.

Appellant complains of the State's use for impeachment of appellant's prior arrests which did not result in final convictions.

 Appellant, testifying in his own behalf, stated that he had not been in any trouble since he got out of the penitentiary. On cross-examination, appellant was asked how many times he had been arrrested, and he answered, twelve or thirteen times. No objection was voiced by appellant to such testimony. No objection having been made in the trial court, nothing is presented for review. Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

 Appellant urges that the trial court should have given a limiting instruction to the jury regarding consideration of evidence elicited by State for impeachment of appellant. No objection was made to the court's charge for the reason now complained of nor was any requested charge presented as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. Golden v. State, Tex.Cr.App., 475 S.W.2d 273; Gibbs v. State, Tex.Cr.App., 468 S.W.2d 69. Nothing is presented for review.

Appellant contends that the prior conviction alleged for enhancement is constitutionally infirm.

 The judgment in the prior conviction recites that appellant "appeared in person, his counsel also being present," while the sentence is silent with respect to counsel.

No objection was made to the introduction of the documents on the grounds now urged. No claim is advanced even now that at the time of such conviction the appellant was indigent, without counsel and

did not waive the right of counsel or that he was deprived of counsel in any manner. Taylor v. State, Tex.Cr.App., 470 S.W.2d 633. Absent such showing, appellant's reliance on Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, is misplaced. Harvey v. State, Tex.Cr.App., 485 S.W.2d 907; Frazier v. State, Tex.Cr.App., 480 S.W.2d 375. Gill v. State, Tex.Cr.App., 479 S.W.2d 289.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.