**Leonard Ray WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41698.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rollin Khoury, Waco (Court appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Waco, George Allen, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for burglary. The punishment was assessed by the trial court at twelve years.

The first ground of error is that the evidence is insufficient to support the conviction.

The evidence reveals that J. D. Heard had the care, control, and possession of his mother's house while she was out of the state; and that during this time Rush Horton, who lived nearby, observed two men in a car stop at the house. As Horton drove into the driveway at the Heard house to investigate, he saw the appellant run from the porch to the car and drive away, and the other man ran behind a shed. Horton pursued and overtook the car, which the appellant was driving, about two miles from the Heard house. A television set identified as the one Mrs. Heard owned and had in her house, was found in the rear seat of the car the appellant was driving. An examination of the house revealed that the glass in the front door had been broken, and two radios, silverware, dishes, and bed clothing were piled up inside the front door, and the television set which had been in the house was gone. The testimony further shows that the house was closed with the front door locked and unbroken on the day before the appellant and another man were seen at the house, and that they did not have consent to forcibly enter the house.

The appellant did not testify or offer any testimony in his behalf.

The evidence is sufficient to sustain the conviction.

■ Appellant's second ground is that the trial court erred in overruling his motion for new trial alleging the absence of Sonny Rountree, the person allegedly with appellant at the Heard house, and a material witness for whom a subpoena had been issued.

There is no showing as to the diligence exercised to serve the subpoena. No motion for a continuance was sought by the appellant. The second ground of error is overruled.

The judgment is affirmed.