Salvador **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43949.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Larry Bales, Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip A. Nelson, Jr., and Larry Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin; the jury assessed the punishment at 25 years.

The appellant challenges the sufficiency of the evidence.

Mary Hernandez, a 24 year-old prostitute and former heroin user, was the principal witness for the State. She testified that on September 27, 1968, she met with Officers Gann, Jones, Hersom, and Freudenberg at the Austin Police pound. After she and her automobile were searched, she was given $5 and Jones hid in the trunk of the car, which did not close completely so that he could see out of it. Hersom and Freudenberg followed in a white pickup. She drove to the 2600 block of Santa Rosa Street in Austin, where she met the appellant in a house. She asked him if he had some heroin. He then sold her one cap of heroin for $5. She then returned to the

car and drove off. She stopped the car on 5th Street to give the cap to Jones, who was still in the trunk. She got another $5 and proceeded to make another buy from another individual, and then they returned to the police pound.

Sheila Dunn testified that she searched Hernandez prior to the time she was given the money by the officers, and that she had no money or heroin in her possession.

Luther Jones, who was an Austin Police officer, testified that he and Sgt. Freudenberg and Sgt. Hersom searched·the automobile and that they did not find any money or narcotics. He testified that while in the trunk he could see out because the trunk did not close all the way, and that he observed Hernandez enter the house on Santa Rosa Street, and that he saw the appellant at the house. He further testified that following this she gave him the capsule.

Officers Gene Freudenberg and Albert Hersom also testified as to the search at the police pound and testified that they followed the Hernandez vehicle in a pickup truck.

A chemist for the Department of Public Safety testified that the capsules contained heroin.

The evidence is sufficient to sustain the conviction. Arechiga v. State, Tex.Cr. App., 462 S.W.2d 1; Corpus v. State, Tex.Cr.App., 463 S.W.2d 4.

■ Next, the appellant complains because the trial court refused to grant a motion for continuance. The appellant had testified that he was in class at James Connally Technical Institute in Waco at the time the sale of heroin to Mary Hernandez was alleged to have been made. The appellant wanted to continue the case in order to locate Dr. Richter, the instructor of the class. The request was oral, not written, and was as follows:

"(BY DEFENSE COUNSEL): Your Honor, at this time I move to continue the case until we can locate Dr. Richter so we can get him to testify regarding the attendance records of 1968.

"THE COURT: Did you issue a subpoena?

"(BY DEFENSE COUNSEL): No, sir, I didn't.

"THE COURT: No due diligence; be denied.

"(BY DEFENSE COUNSEL): The defense rests, Your Honor."

The granting or denial of a motion for continuance is within the discretion of the trial court and will not be upset unless an abuse of discretion is shown. White v. State, Tex.Cr.App., 435 S.W.2d 160. No abuse of discretion is shown for the following reasons:

(1) It was not written as required by Art. 29.03, Vernon's Ann.C.C.P.

(2) It was not sworn to by the defendant himself as required by Art. 29.-08, V.A.C.C.P.

(3) It does not meet the requirements of Art. 29.06, V.A.C.C.P.

Further, no objection was made to the court's ruling. No error is shown.

■ The appellant further complains that his constitutional right against self-incrimination was violated because when Mary Hernandez asked the appellant if he had heroin she was a police agent, and she failed to disclose this fact and she failed to warn the appellant of his right against self-incrimination. This ground of error is without merit. At the time she asked him about the heroin, he was neither under arrest nor in custody nor being detained nor deprived of his liberty in any way. There was no requirement that any warnings be given by Mary Hernandez at that time.

■ Lastly, the appellant complains that his counsel at trial was ineffective. We have examined the record and find that the

defense presented by appellant's counsel was adequate. A vigorous defense was presented and the State's witnesses were fully cross-examined. This contention is without merit.

There being no reversible error, the judgment is affirmed.