Charles Leon **CARR**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 54596.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 21, 1980.

Rehearing Denied July 16, 1980.

Billy John Edwards, Abilene, for appellant.

Lynn Ingalsbe, Dist. Atty. and Jorge Solis, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated sexual abuse of a child. The jury assessed punishment at ninety-nine years.

■ In his first ground of error, Carr challenges the indictment because its return was based on hearsay testimony. In *Carpenter v. State*, 477 S.W.2d 22 (Tex.Cr.App. 1971), we held that we will not go behind the face of an indictment it it appears to be legally valid. To permit such an attack would create two trials for a defendant in order to determine the competence of grand jury testimony. See also *Baldwin v. State*, 490 S.W.2d 583 (Tex.Cr.App.1973). This contention is overruled.

■ In grounds of error two through six, Carr complains of the admission of evidence of five extraneous offenses, including a .22 caliber starting pistol, two checks made out to an individual other than Carr, a University identification card and a driver's license, both also issued in the name of that other individual. Appellant's objection to the admission of these pieces of evidence was that they were not relevant to any issue at trial. In *Wilson v. State*, 541 S.W.2d 174 (Tex.Cr.App.1976), we held that such an objection is too general to preserve error over the admission of an extraneous offense. These grounds are overruled.

■ In his seventh ground of error, appellant claims that the evidence is insufficient to show a threat of infliction of serious bodily injury or death. The victim testified that Carr told her, "Don't scream or else I'll suffocate you." We hold that this is sufficient evidence of a threat of death or infliction of serious bodily injury.

■ In his eighth ground, Carr attacks the charge as being fundamentally ambiguous because it alleged two means of deviate sexual intercourse. The charge reads as follows:

".  .  . did then and there with intent to arouse and gratify the sexual desire of the said Charles Leon Carr en-

818

gage in deviate sexual intercourse by then and there placing his genitals in contact with the mouth of Dawn Michelle Scheid a female child not his spouse younger than 17 years of age, or did then and there with intent to arouse and gratify the sexual desire of the said Charles Leon Carr, engage in deviate sexual intercourse by then and there placing his mouth in contact with the genitals of Dawn Michelle Scheid a female child not his spouse younger than 17 years of age by threating (sic) the imminent infliction of death or serious bodily injury, you will find the Defendant guilty of the offense of aggravated sexual abuse of a child. . . ."

There was no objection to the charge. The charge tracked the indictment. We hold that this is not fundamental error. See *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979).

 In his eleventh ground, Carr also attacks the charge as being fundamentally defective for his failure to track V.T.C.A., Penal Code, Section 2.01, which reads as follows:

"All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."

In support of this proposition, Carr cites *Williams v. State* (No. 57,579, January 3, 1980). In *Williams,* the Court held that such an omission is error if the instruction is requested. We decline to hold that this is fundamental error.

We have examined the remaining grounds of error raised in the supplemental brief, including the allegations of the use of perjured testimony, the lack of medical testimony, the introduction into evidence of the contents of Carr's wallet, the sufficiency of the evidence in support of a threat of death, the ineffective assistance of trial counsel, and the possibility of perjured testimony by a juror during voir dire. None

are supported by the record and all are without merit. These grounds are overruled.

Carr's counsel, in his ninth and tenth grounds of error, has called our attention to the fact that the judgment and sentence recite appellant's conviction as sexual abuse of a child rather than aggravated sexual abuse of a child, as recited in all other papers of the transcript. Accordingly, the judgment and sentence are reformed to reflect a conviction for aggravated sexual abuse of a child.

As reformed, the judgment is affirmed.