**Vincent Earl COX, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–81–317CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1982.

Discretionary Review Refused Nov. 10, 1982.

David Bires, Houston, for appellant.

Winston Cochran, Mike Wilkinson, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant brings his appeal from a jury conviction for murder enhanced by one prior conviction over his plea of not guilty. The trial court assessed punishment at 99 years confinement. Appellant asserts seven grounds of error on appeal which challenge the admission of his confession, the sufficiency of the evidence, the court's failure to charge the jury on circumstantial evidence, and which contend the trial court abused its discretion in overruling his motion for new trial. We reform the judgment and sentence and, as reformed, affirm appellant's conviction.

The facts and circumstances surrounding this murder are so brutal and gruesome that this court will not detail them. It is sufficient to state that the body of a seven year old boy was found in a field near his home. Individuals in the area identified appellant as one of a group of persons, including the child, playing frisbee. A later altercation between appellant and a roommate caused appellant to seek treatment at a hospital where police officer House, following leads by the aforementioned persons and after attending the autopsy, saw appellant in the emergency room. House and his partner Officer Anderson approached appellant and questioned him briefly. Later the officers, after describing the suspect to the apartment manager, found appellant in his apartment. The officers took appellant into custody after giving him appropriate warnings and placed him in jail after further questioning. The record shows his wound was treated at the jail. Appellant was placed in a show-up at midnight or early in the morning of June 17, 1979. Later that morning appellant was taken before a magistrate who also advised and admonished appellant. Appellant was taken to another lineup and questioned. At 3:00 p.m., he was questioned again and released to another officer, Martinez, for a polygraph test. Later, appellant requested to speak to Martinez who spoke with appellant alone for a short time. Martinez subsequently informed appellant in House's and Anderson's presence he had failed the polygraph test. In the evening of June 17, 1979, appellant signed his statement in the district attorney's and officers' presence. The record shows that at no time during the sequence of events outlined above, and after repeated warnings, did appellant request an attorney, request to remain silent or request to see relatives or friends. There is no indication that these opportunities were denied, nor is there any indication that family or friends wished to contact him. At trial during the hearing to determine the voluntariness of the confession and before the jury, appellant repudiated his statement.

In his first ground of error appellant contends the trial court erred in admitting appellant's confession which he maintains was involuntary. Appellant points to sixteen factors, the impact of which he claims rendered the confession involuntary. In a group of claims Appellant asserts the delay between appellant's arrest and arraignment and the length of the interrogation process either pressured appellant into confessing or contributed to that result. The record shows appellant was taken to the Houston Police Department at 3:30 p.m., June 16, 1979, and after *Miranda* warnings were given, he was questioned until approximately 5:00 p.m. during that time Appellant's injury was treated and he ate. Early on June 17, 1979, appellant was taken before a magistrate who admonished him of his rights. Appellant was placed in two show-ups later that morning. At 3:54 p.m., appellant submitted to a polygraph test and remained with Officer Martinez who administered it until approximately 8:45 p.m. Officers House and Anderson resumed their interrogation at that time. Appellant made his statement at around 10:30 p.m., June 17, 1979. This time table indicates appellant was questioned for approximately eight hours over two days and repeatedly was warned of his rights. The record, however, indicates neither actual nor implied coercion or threats were employed to obtain his statement. None of the procedures undergone by appellant during this period would subject him to coercion under the "totality of the circumstances" test outlined in *United*

*States v. Martinez-Perez,* 625 F.2d 541, 542 (5th Cir.1980); *Jurek v. Estelle,* 623 F.2d 929, 937 (5th Cir.1980); and *Berry v. State,* 582 S.W.2d 463, 465 (Tex.Cr.App.1979). Appellant cites *Mallory v. United States* to support his contention that the delay in appellant's appearance before a magistrate invalidated his confession. 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). In *Mallory* police interrogated a mentally defective individual for approximately four and one-half hours. No arraignment occurred until after the accused confessed. The record before us indicates appellant was admonished by a magistrate prior to his statement and was repeatedly warned of his rights before giving his statement. There is nothing in the record to indicate appellant was mentally defective and did not comprehend those warnings. Appellant also cites *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Clewis v. Texas,* 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); *U.S. v. Hernandez,* 574 F.2d 1362 (5th Cir.1979) and *Horne v. State,* 508 S.W.2d 643 (Tex.Cr.App.1974) for his assertion that appellant was subjected to prolonged interrogation and held incommunicado, which conditions exerted so much psychological pressure as to force his confession. These cases are inapposite to the facts presented by the record. In *Culombe,* the U.S. Supreme Court outlined the factors to be taken into consideration in determining the existence of coercive methods employed by authorities. The accused in that case was picked up, taken on a three hour trip and repeatedly interrogated despite the fact he requested to remain silent, without an arrest, warnings or arraignment. In *Clewis,* the defendant was held for 38 hours prior to arraignment and held for nine days incommunicado with little to eat while subjected to interrogation. Despite the fact the accused in *Hernandez* told officers he wished to remain silent and consult with his attorney, police subjected him to repeated interrogation until he confessed. Finally, the facts in *Horne v. State* disclose that absolutely no coercion in the form of promised benefits produced the accused's confession.

Appellant's claim that he was alone and that no disinterested or friendly person was present is belied by the record, which shows appellant requested to speak to Officer Martinez and spent some three hours with him. There is no evidence to show appellant was denied the opportunity to contact anyone. Furthermore, his contention that he was subjected to trickery is without merit. There is no evidence to show his confession was obtained by deception.

Appellant asserts other claims that his physical condition and lack of sophistication with police contributed to his confession. Appellant was, by his own admission, drinking on June 15th and it is not known if he ate. The record shows he did eat on the 16th and 17th. He presumably slept, although the record is unclear on that point. Appellant wore his cut-offs and T-shirt although jail clothing was offered. Furthermore, appellant had been convicted of two prior felonies and was presumably aware of police procedures. We find the culmination of these factors would not result in rendering appellant's confession involuntary. We agree with the trial court's finding appellant voluntarily confessed and find no abuse of discretion by admitting his confession into evidence. Accordingly, we overrule appellant's first ground of error.

Appellant's second ground of error asserts the trial court erred in refusing to charge the jury on circumstantial evidence. Texas law requires a charge on circumstantial evidence only where there is no direct evidence of the main fact or facts essential to proof of guilt. *Faulk v. State,* 608 S.W.2d 625, 628 (Tex.Cr.App.1980). A voluntary confession is regarded as direct evidence where that confession is unequivocal. *Richardson v. State,* 600 S.W.2d 818, 823 (Tex.Cr.App.1980). Although appellant's confession contains statements which indicate he could not remember all the details, e.g., "I have tried to remember all the details, but I can't.... I don't recall all the details... [B]ut I do not see it clearly as to all the details... [A]lthough it is hard to remember all the details. I seem to

remember hitting him . . . ," he unequivocally stated, "all I know is that I did kill the boy. I have seen pictures of the body and it is the same one I was playing with and killed." We do not agree with appellant's contention that inability to recall details renders his statement equivocal. Nor do we find a question and answer, as opposed to a narrative format, conducive to equivocation. Moreover, appellant's connection with the offense was strengthened through the testimony of Officer House which proved the offense to which appellant admitted, i.e., the murder, was the same crime for which he was being tried. This link between appellant and the offense was verified by photographs which showed the crime appellant admitted to committing and the crime being investigated concerned the same victim. *See, Ridyolph v. State,* 545 S.W.2d 784 (Tex.Cr.App.1977). Having found appellant's confession voluntary and that there was direct evidence in addition to other evidence linking him to the offense, we hold the trial court properly refused to charge the jury on circumstantial evidence and overrule appellant's second ground of error.

Appellant's third ground of error contends the trial court erred in overruling his motion for new trial because it had abused its discretion in denying his motion for continuance. No affidavit showing the matters to which absent witnesses would testify in order to justify the grant of a new trial accompanied appellant's motion for new trial which he attempted to use to preserve any error in the denial of his motion for continuance. Nor did the motion assign the denial of his motion for continuance as error. A showing under oath by means of an affidavit of the missing witness or some other source as to what that witness would testify must accompany the motion, and the motion must assign the denial of a continuance as error. *Benoit v. State,* 561 S.W.2d 810, 817 (Tex.Cr.App. 1977). Appellant's trial testimony cannot be regarded and is not a sufficient showing. *See, Minx v. State,* 615 S.W.2d 748, 750 (Tex.Cr.App.1981). In fact, appellant testified only that his alibi witnesses would testify he was with them at 8:00 p.m. The

fact that the time of the offense was never established renders that testimony superfluous. Appellant, having failed to call the trial court's attention to error in denying his motion for continuance, has failed to preserve error for review. *Id.* We overrule his third ground of error.

In his fourth ground of error, appellant maintains the evidence is insufficient to establish that the means of causing the death were unknown to the grand jury. Appellant maintains the grand jury foreman's testimony was based upon hearsay and cannot be considered sufficient proof. The state must prove the grand jury was unable to find the type of weapon or instrument employed in the commission of the offense and exercised due diligence in attempting to do so. *McIver v. State,* 555 S.W.2d 755, 756 (Tex.Cr.App.1977). In *McIver,* the state offered no proof of the grand jury's efforts. The record before this court shows Mr. Rainey, foreman of the grand jury, testified the grand jury could not determine the murder weapon because no definite weapon was ever found and the pathologist could not deduce the type of weapon employed from the wound itself. His further testimony proved the grand jury had made concerted efforts to determine what weapon was used. There was no evidence that further efforts to ascertain the type of weapon would be fruitful. Although appellant contends Mr. Rainey's testimony was based on hearsay and, therefore, not probative, the Court of Criminal Appeals has held it will not go behind the face of an indictment which appears legally valid. *Carr v. State,* 600 S.W.2d 816, 817 (Tex. Cr.App.1980). An attack upon the competence of grand jury testimony would result in two trials. *Id.* Accordingly, we find sufficient proof of the grand jury's diligent efforts to determine the type of murder weapon employed and overrule appellant's fourth ground of error.

Appellant's fifth ground of error, which challenges the sufficiency of the evidence to support his conviction, encompasses two issues. The first is sufficient

proof by evidence other than a confession of the corpus delicti of the offense, i.e., that (1) the body of the victim is found and identified; and (2) the death of the victim is caused by the criminal act of another. *Nathan v. State,* 611 S.W.2d 69, 75 (Tex.Cr.App.1981). The second issue addresses whether the confession proved appellant's responsibility for the offense. Corroboration by evidence other than the confession goes to proof of the corpus delicti. *Brown v. State,* 576 S.W.2d 36, 42–43 (Tex.Cr.App.1979). Testimony given by neighbors, the mother of the deceased and the pathologist, served to identify the victim and established the fact that the wound was caused by a cutting force exerted by another. The fact that the murder weapon could not be found is not dispositive. As to the second component, we find the above evidence, in addition to other testimony identifying appellant and describing appellant's behavior, and appellant's confession establish the culpability of appellant. Moreover, in light of *Self v. State,* 513 S.W.2d 832, 837 (Tex.Cr.App.1974) and subsequent cases, appellant's guilt could be proved by the confession alone because the state had met its burden in regard to establishing the corpus delicti. *See also, Russell v. State,* 598 S.W.2d 238, 245 (Tex.Cr.App.1980). We overrule appellant's fifth ground of error.

■ Appellants sixth and seventh grounds of error contend the judgment and sentence are void because of the trial court's affirmative finding that "a deadly weapon, to wit: a knife" was used in the commission of the offense. The statement of facts does not disclose any such affirmative finding by the trial court. The judgment and sentence do, however, contain the language quoted above. Tex.Penal Code § 1.07(a)(1) (Vernon 1979) defines as a deadly weapon anything which is capable of causing death or serious injury. The use of a "cutting instrument" determined to have been the cause of death in this case was clearly a deadly weapon. The record contains the necessary data and evidence to authorize this court to reform the judgment and sentence to show appellant used a deadly weapon, to wit: an unknown cutting

instrument, which by its manner of use caused the death of the victim. *Knight v. State,* 581 S.W.2d 692, 694 (Tex.Cr.App. 1979); *Hill v. State,* 643 S.W.2d 417, 420 (Tex.App.—Houston [14th Dist.] 1982), aff'd, 641 S.W.2d 543 (Tex.Cr.App.1982). We so reform the judgment and sentence and as reformed affirm appellant's conviction.

Affirmed as reformed.