Gene FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–01103–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 1990.

Nina Schaefer, Richmond, for appellant.

Gene Flores, pro se.

Sam W. Dick, Ft. Bend Co. Crim. Dist. Atty., John J. Harrity and Richard A. Dawson, Asst. Dist. Attys., for appellee.

Before O'CONNOR, SAM BASS and DUNN, JJ.

O'CONNOR, Justice.

This case is an endless chain scheme.[1] Gene Flores, appellant, was convicted, fined $1,000, and sentenced to 180 days in jail. He appeals. We affirm.

Appellant's court-appointed appellate counsel filed a brief in which she concluded the appeal is frivolous and without merit, but proposed one arguable point. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim. App.1974); *Ex parte Wilson*, 781 S.W.2d 421, 422 (Tex.App.—Houston [1st Dist.] 1989, no pet.).

The *Anders* brief and the record were delivered to appellant. He examined the record and filed a pro se brief. The State waived its right to file a brief. After reviewing errors alleged in appellant's pro se brief, we affirm the trial court's judgment.

---

1. Tex.Penal Code Ann. sec. 32.48 (Vernon 1989).

## I. Pro se representation

■ The *Anders* point and appellant's first point of error were the same: The trial court erred by allowing him to proceed to trial pro se, citing the sixth amendment to the United States Constitution, and article I of the Texas Constitution. The sixth amendment to the Constitution of the United States, and article I, section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. This right may be waived and the defendant may choose to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Both the *Anders* point and appellant's first point argue that appellant did not waive his right to counsel.

### A. The guidelines

■ A defendant is entitled to the assistance of counsel in criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). The Code of Criminal Procedure requires the trial court to appoint an attorney if an indigent is charged with a crime punishable by imprisonment, or if the court decides that justice requires a defendant to be represented by counsel. TEX.CODE CRIM.P. ANN. art. 26.04(a) (Vernon 1989); *Empy v. State*, 571 S.W.2d 526, 528–29 (Tex.Crim. App.1978). Here, because appellant was tried for a crime punishable by imprisonment, the trial court was required to appoint counsel if appellant was an indigent, or if justice required that he be represented.

■ If an indigent defendant is not represented by an attorney and does not waive his right to counsel, he cannot be punished with imprisonment. *Empy*, 571 S.W.2d at 528. Waiver of the right to counsel must be voluntary, and in writing. TEX.CODE CRIM.P.ANN. art. 1.051(f) (Vernon Supp.1990). To decide if appellant made an intelligent and voluntary waiver, the trial court must question the defendant about his background, age, education, and experience. *Geeslin v. State*, 600 S.W.2d 309,

313 (Tex.Crim.App.1980). A waiver of counsel is not effective unless the trial court properly admonishes the defendant about the disadvantages of self-representation. TEX.CODE CRIM.P.ANN. art. 1.051(g) (Vernon Supp.1990); *Geeslin*, 600 S.W.2d at 313–14.

■ The trial court has the authority to appoint stand-by counsel even over the objections of an unwilling defendant. *Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex.Crim.App.1988).

### B. The pretrial hearings

At the first pretrial hearing on May 25, 1988, appellant appeared without counsel.[2] Appellant made a motion under the sixth amendment for "counsel of choice" and told the court he wanted his friend, a non-lawyer, to act as his counsel. The court refused to allow appellant to be represented by a person who was not licensed as an attorney. The court, however, permitted appellant's friend to sit at counsel table and advise him. The court warned appellant about the dangers of self-representation.

At a pretrial hearing on July 20, 1988, the court carefully explained the dangers of self-representation to appellant and questioned him at length about his age, employment, education, his ability to read, write, and comprehend, and his experience in defending himself in lawsuits. Appellant repeatedly objected to questions about his background, and refused to answer many of the interrogatories.

Clearly confused whether appellant wanted to waive his right to counsel, the court continued to press appellant: Did he have an attorney? No, appellant said, he refused to hire one. Did he want to represent himself pro se? No, he wanted his friend to represent him. Was he unable to hire an attorney? No, he did not want to hire an attorney. Did he "categorically" state on his affirmance that he did not want an appointed attorney? That's correct, he said.

**2.** Appellant's first attorney filed a motion to withdraw that was granted in July 1987.

Did he want to waive his right to court-appointed counsel? No, he would represent himself. Did he want the court to appoint a licensed attorney to represent him? No, he would fire anyone the court appointed. Did he want to waive his right to counsel and represent himself? No, he reserved the right to retain his friend as his counsel of choice, and reserved all his rights under the United States Constitution.

The court concluded that appellant did not waive his right to an attorney and appointed Bill Meitzen as stand-by counsel to assist appellant in any way that appellant deemed necessary.

Mr. Meitzen was present for the next hearing on August 17, 1988, and said he was available at any time to do whatever was necessary to represent appellant. When appellant said he wanted to fire him, Mr. Meitzen asked the court for permission to withdraw from the case. The court refused, and ordered Mr. Meitzen to be available to help appellant. Mr. Meitzen agreed that he would assist appellant in any way necessary.

Before trial, Mr. Meitzen filed a motion to quash the indictment on appellant's behalf. Mr. Meitzen was present at the trial and available to assist appellant. Appellant refused to permit Mr. Meitzen to participate in the trial; he insisted on examining the witnesses and objecting to the State's examination.

### C. The sixth amendment

■ Appellant seems to complain that he was denied the right to be represented by effective counsel when the court permitted him to represent himself. Appellant represented himself only because he insisted on doing so. In three separate hearings, the trial court repeatedly advised appellant of the dangers of self-representation. When appellant both refused to waive an attorney and refused to ask for one, the trial court chose the only alternative available by appointing stand-by counsel. That is the

proper procedure. *See Faretta,* 422 U.S. at 836 n. 46, 95 S.Ct. at 2541 n. 46; *Webb v. State,* 533 S.W.2d 780, 784 n. 2 (Tex.Crim. App.1976); *Aguilar v. State,* 651 S.W.2d 822, 823 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

■ Because appellant chose to represent himself at trial, he cannot complain on appeal that his own representation amounted to a denial of effective assistance of counsel. *Williams v. State,* 549 S.W.2d 183, 186–87 (Tex.Crim.App.1977), quoting *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

We overrule appellant's first point of error.

### II. Compulsory process

In appellant's second point of error, he argues that the trial court erred by not compelling two witnesses to appear at trial. Appellant contends he was denied compulsory process because Ricky Ken Stripling and Sam Billingsley, police officers, were not compelled to appear.

During a pretrial hearing on June 22, 1988, the clerk of the court stated that he had made two attempts to subpoena the witnesses, but was not successful because the addresses appellant provided the clerk were not correct. When appellant protested the absence of the witnesses, the court explained the subpoena process to him, with extraordinary patience and in great detail. The court told appellant that it was his responsibility to provide the correct addresses to the clerk's office.

On the day of trial, appellant again objected to the absence of the witnesses and refused to announce ready. The court asked whether appellant had requested the clerk to reissue the subpoenas. Appellant said no, but he thought the court said it would reissue the subpoenas.[3] The court asked appellant if he was moving for a continuance, and appellant said yes. The court then denied the motion for continu-

---

3. At the pretrial hearing, the trial court did not tell appellant it would reissue subpoenas. In fact, the court told appellant it was his burden to have the subpoenas reissued with the correct addresses.

ance, stating that no subpoena was served on either witness.

There are three provisions in chapter 24 of the Code of Criminal Procedure that govern the procedure for a defendant who wants to secure the attendance of witnesses in a misdemeanor trial where confinement in jail is a potential punishment. Article 24.01 of the Code of Criminal Procedure provides:

> (a) A subpoena may summon one or more persons to appear:
>
> (1) before a court to testify in a criminal action ... or
>
> (2) on a specified day:
>
> (E) in any other proceeding in which a person's testimony may be required in accordance with this code.

TEX.CODE CRIM.P.ANN. art. 24.01 (Vernon 1989).

Article 24.03 provides:

> Before the clerk or his deputy shall be required or permitted to issue a subpoena ... the defendant or his attorney ... shall make written, sworn application to such clerk for each witness desired. Such application shall state the name of each witness desired, the location and vocation, if known, and that the testimony of said witness is material ...

TEX.CODE CRIM.P.ANN. art. 24.03 (Vernon 1989).

Article 24.16 provides:

> Where, in misdemeanor cases in which confinement in jail is a permissible punishment ... a witness resides out of the county in which the prosecution is pending ... the defendant shall be entitled ... to a subpoena to compel the attendance of such witness on application to the proper magistrate....

TEX.CODE CRIM.P.ANN. art. 24.16 (Vernon 1989).

There is nothing in this record that shows that appellant complied with any of the steps necessary to secure the issuance of subpoenas.

Even if appellant had complied with the necessary steps for securing the subpoenas, appellant did not preserve the error. Once the trial court overruled his objection to going forward without the witnesses, appellant made only an oral motion for continuance.

Articles 29.06, 29.08, and 29.13 of the Code of Criminal Procedure set forth the requirements of a motion for continuance. Article 29.08 requires that a person with personal knowledge swear to the facts in the motion for continuance. In the motion, article 29.06 requires the applicant to state:

> 1. The absent witness' name and, if known, the address (if the address is unknown, the motion must so state);
> 2. Diligence was used to procure the witness' attendance (not just that diligence was used in causing the subpoena to be issued.)
> 3. The material facts expected to be proved by the witness.
> 4. Defendant did not wish or cause the witness to be absent.
> 5. The motion is not made for delay.
> 6. The witness' attendance cannot be secured during the present term of court.

TEX.CODE CRIM.P.ANN. art. 29.06 (Vernon 1989).

A motion for continuance is a matter left to the sound discretion of the trial court. TEX.CODE CRIM.P.ANN. art. 29.06 (Vernon 1989). In *Hightower v. State*, 629 S.W.2d 920, 926 (Tex.Crim.App.1981), the court held there was no abuse of discretion to refuse an oral motion for continuance. *See also Gonzales v. State*, 470 S.W.2d 700, 701 (Tex.Crim.App.1971) (the trial court did not abuse its discretion when it denied a motion for continuance that was oral, was not sworn, and did not meet the other requirements of article 29.06). In *Malone v. State*, 734 S.W.2d 50, 51 (Tex. App.—Houston [1st Dist.] 1987, no writ), this Court held that a defendant's unsworn motion presented nothing for review.

Finally, appellant did not comply with the requirements of a motion for new trial. To preserve the error in refusing a motion for continuance made because of absent witnesses, appellant was required to file a sworn motion for new trial, stating the testimony he expected to present by the

witnesses. *Varela v. State,* 561 S.W.2d 186, 191 (Tex.Crim.App.1978). Although he filed a sworn motion for new trial, appellant did not state what evidence he expected to present by the witnesses. Because appellant's motion for new trial did not comply with the requirements, appellant did not preserve error. *Cox v. State,* 644 S.W.2d 26, 30 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

Appellant was not denied his right to compulsory process.

We overrule appellant's second point of error.