**Ellis James HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00940–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 26, 1995.

Steven Lieberman, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Ellis James Hubbard (Hubbard), appeals from a conviction for driving while intoxicated (DWI). TEX.REV.CIV.STAT.ANN. art. 67011–1(b) (Vernon Supp.1992), *repealed by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.15, Tex.Gen.Laws 3859, 3707 (Current version at TEX.PENAL CODE ANN. § 49.04 (Vernon 1994)). Hubbard pled not guilty and proceeded to trial. A jury assessed punishment of two years confinement in the Harris County Jail, probated, and a two thousand dollar fine. In two points of error, Hubbard contends the trial court erred in denying Hubbard's motion for new trial and in failing to hold an evidentiary hearing on his motion for new trial. We affirm.

During Hubbard's DWI trial, his counsel was also in trial in federal court on another case. The federal trial began in April, 1993 and was still in progress when Hubbard was tried in September, 1993. During the pendency of federal trial, the judge ordered all of the lawyers involved to refrain from involving themselves in any other hearings or trials. The federal trial was scheduled Monday through Thursday, 9:00 a.m. to 5:00 p.m., with Fridays left open. The court below scheduled Hubbard's trial for successive Fridays beginning September 3, 1993. Hubbard's attorney filed two separate motions for continuance to postpone Hubbard's trial until the completion of the federal trial. The court did not rule on the first motion because the State agreed to continue Hubbard's trial until August. The court denied the second motion. Hubbard argued in his motion for new trial that the denial of his motion for continuance entitled him to a new trial because his counsel had insufficient time to prepare.

■■■ A criminal action may be continued on written motion by the State or defendant for sufficient cause. TEX.CODE CRIM.PROC. ANN. art. 29.03 (Vernon 1989). The granting or denial of a motion for continuance is vested in the sound discretion of the trial court.

*Duhamel v. State,* 717 S.W.2d 80, 83 (Tex. Crim.App.1986), *cert. denied,* 480 U.S. 926, 107 S.Ct. 1387, 94 L.Ed.2d 701 (1987); *Flores v. State,* 789 S.W.2d 694, 698 (Tex.App.— Houston [1st Dist.] 1990, no pet.). Before an abuse of discretion will be found for denying a motion for continuance, a defendant must show he was prejudiced by counsel's inadequate preparation time. *Duhamel,* 717 S.W.2d at 83. The standard of review for the denial of a motion for new trial is whether the trial court abused its discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim. App.1993).

Hubbard's counsel had over ten months from the time he became Hubbard's attorney to the commencement of Hubbard's trial. He was involved in the federal trial for about the last four and one-half months of this period. The only evidence Hubbard offered regarding prejudice to his defense is an affidavit attached to his motion for new trial. His counsel testifies that he was not "physically able to prepare" and he was "hampered in [his] ability to thoroughly locate and interview all witnesses material to the defense of Mr. Hubbard" because of his involvement in another trial.

■ In order to preserve error on the denial of a motion for continuance because of the absence of a material witness, a defendant must show how the witness's testimony would have been material. *Gentry v. State,* 770 S.W.2d 780, 787 (Tex.Crim.App.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989); *Flores,* 789 S.W.2d at 698–99; TEX.CODE CRIM.PROC.ANN. art. 29.06. Hubbard did not raise the issue of missing witnesses until his motion for new trial. Hubbard has not explained how the unnamed witnesses' testimony would have been material. He has not preserved error on this issue. His motions for continuance were based solely on inadequate time to prepare.

■ Hubbard must show this court how he was prejudiced by inadequate preparation time before we can find the trial court abused its discretion. *See e.g. Sanne v. State,* 609 S.W.2d 762, 776 (Tex.Crim.App. 1980), *cert. denied sub nom. Skillern v. Texas,* 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432 (1981). Hubbard has offered no supporting facts as to how he was prejudiced. Nothing in the record indicates why his counsel was unable to prepare during the six months preceding his involvement in the federal trial or that his involvement in that trial prevented him from adequately representing Hubbard. To the contrary, the record indicates that in the nearly one year Hubbard's counsel had between becoming his attorney and the end of Hubbard's trial, he filed numerous motions and called multiple witnesses on behalf of the defense. Hubbard has failed to demonstrate his defense was prejudiced. We overrule point of error one.

■ In his second point of error, Hubbard contends the trial court erred by overruling his motion for new trial without an evidentiary hearing. The right to an evidentiary hearing is not an absolute right. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App. 1993), *see also* TEX.R.APP.P. 31(d). A hearing is not necessary if the court can determine from the record the issues raised in the motion for new trial. *Reyes,* 849 S.W.2d at 816. A hearing is mandatory, however, if appellant presents a timely verified motion for new trial and asserts, in his affidavit, reasonable grounds for relief which are extrinsic to the record. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Reyes,* 849 S.W.2d at 816.

■ Hubbard's counsel testified by affidavit that he did not have time to locate and interview all of the material witnesses and that he was physically unable to prepare. As noted above, Hubbard has not preserved error on the issue of absent witnesses. Thus, the only issue is whether the affidavit shows reasonable grounds, extrinsic to the record, to put the trial judge on notice that counsel's inability to prepare prejudiced Hubbard's defense. *See Jordan,* 883 S.W.2d at 665. The assertions in the affidavit, unsupported by any facts, do not show reasonable grounds for an evidentiary hearing. An affidavit unsupported by facts is conclusory and not grounds for an evidentiary hearing. *Id.*

Furthermore, whether Hubbard's counsel was unable to prepare is not extrinsic to the record. The trial court could determine from

the record that Hubbard's counsel had over ten months to prepare. During this time, Hubbard's counsel filed a motion for pretrial discovery and inspection, a motion for a court reporter to record proceedings, a motion to shuffle jurors, two motions in limine, a motion for probation, and a motion for the jury to assess punishment. Hubbard's counsel also called several witnesses at trial. These facts, intrinsic to the record, indicate preparedness by Hubbard's counsel. Hubbard's second point of error is overruled.

The judgment of the trial court is affirmed.