IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-41219
Summary Calendar

JON ALLAN ASHCRAFT,

Plaintiff-Appellant,

versus

CAMERON COUNTY,

Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Texas
USDC No. B-97-CV-229

August 17, 1998
Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Jon Allan Ashcraft (Ashcraft), Texas prisoner #638807, appeals the district court's dismissal without prejudice of his civil rights lawsuit, pursuant to 42 U.S.C. § 1983, alleging that he was denied access to the courts by virtue of the inadequate law library at the Cameron County, Texas, jail.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Factual and Procedural Background

As it ultimately stood at the time of its dismissal, Ashcraft's complaint concerning the adequacy of the law library related entirely to the affirmance of his conviction in Texas courts for burglary of a habitation. The opinion of the court of appeals affirming this conviction is reported in *Ashcraft v. State*, 900 S.W.2d 817 (Tex. App.—Corpus Christi 1995; one pet. ref'd, one pet. dism'd).[1]

Ashcraft alleged below that his appeal was initially "dismissed on 11/19/92 for want of jurisdiction." In his brief here, he asserts that his attorney had failed "to file his notice of appeal on time." He alleged below that "on March 16, 1993, Attorney for Esquivel withdrawn [sic] as appellate counsel. Another attorney was not appointed until 12/08/93 . . . Leaving Plaintiff nine months without counsel."[2] In his brief here, Ashcraft states that he was granted an out-of-time appeal. The report of the opinion on his appeal reflects representation of him by attorney Alfredo Padilla. *Id*. at 821. Ashcraft alleged below that on November 24, 1993, while he was without counsel, he

_____

[1]Affirmance of Ashcraft's conviction for a different burglary is reported in *Ashcraft v. State*, 934 S.W.2d 727 (Tex. App.—Corpus Christi 1996; pet. ref'd).

[2]The court of appeals' opinion observes that Ashcraft's trial counsel attempted to withdraw before trial because Ashcraft could not pay his fee; the trial court denied the motion but appointed the attorney to represent Ashcraft "at the State's expense so that he could continue to represent appellant." *Id*. at 829.

prepared and filed in the Texas trial court a motion for new trial asserting error in the trial court's denial during trial of the oral, unsworn motion for continuance which his attorney had made during trial on the basis that counsel was awaiting execution of a bench warrant for a material witness who would testify for the defense. Ashcraft asserts here that the witness was Andres Hernandez and the opinion of the court of appeals likewise so reflects. *Id*. at 834.[3] In his direct appeal, Ashcraft contended, as he had at trial, that his confession, taken in part by detective Araiza, was inadmissible because "the police threatened and coerced him by threatening to jail his mother and withholding medication" and because "he was under the influence of a narcotic and/or the medication." *Id*. at 824. After an evidentiary hearing out of the presence of the jury, the trial court found to the contrary and the court of appeals affirmed that determination. *Id*. at 824-25. Ashcraft did not below allege what Hernandez would have testified to, but the opinion of the court of appeals states that in that court Ashcraft contended "that the material witness would have testified that appellant's confession was not given voluntarily and that this testimony could have influenced the jury's verdict." *Id*. at 833.[4] Before us, Ashcraft asserts "this key witness Andres

---

[3]Below, Ashcraft alleged his name was Andres Garcia.

[4]The court of appeals' opinion also reflects the following *viz*: "At his [Ashcraft's] arraignment, Andres Hernandez, another person being arraigned that day, testified that appellant

3

Hernandez would have testified that Detective Araiza had on numerous times used coercive tactics on him in order to get cooperation." Ashcraft alleged below, and the opinion of the court of appeals likewise reflects (*id*. at 834), that his motion for new trial had attached in support the affidavit of his trial counsel, but the affidavit did not say what Hernandez would have testified to. Ashcraft asserts, as he did below, that this omission caused the court of appeals to overrule his ninth point of error in that court, which the court of appeals' opinion describes as follows: "By point nine, appellant contends that the trial court erred in overruling his oral motion for continuance since appellant was awaiting the execution of a bench warrant for a material witness who would testify in his behalf." *Id*. at 833 (appellant has never contested this description of his ninth point of error). Ashcraft contends, as he did below, that had the county had an adequate law library this omission in his attorney's affidavit in support of the motion for a new trial would not have occurred.

In overruling Ashcraft's ninth point of error complaining of the denial of the motion for continuance, the court of appeals wrote in material part as follows:

"Articles 29.03, 29.06, 29.08, and 29.13 of the Code of Criminal Procedure govern the procedures for continuance of a criminal action. Article 29.03 provides for continuance of a criminal action on the written

[Ashcraft] 'looked all strung out' and that he looked drunk or on downers or pills." *Id*. at 823.

4

motion of the State or of the defendant upon a showing of sufficient cause. TEX.CODE CRIM.PROC.ANN. art. 29.03 (Vernon 1989). Article 29.08 requires that a person having personal knowledge swear to the facts in the motion for continuance. TEX.CODE CRIM.PROC.ANN. art. 29.08 (Vernon 1989). In defendant's motion for continuance based on the absence of a witness, defendant must state:

. . . .

3. the material facts expected to be proved by the witness;

. . . .

TEX.CODE CRIM.PROC.ANN. art. 29.06 (Vernon 1989).

A motion for continuance is a matter left to the sound discretion of the trial court. TEX.CODE. CRIM. PROC.ANN. art. 29.06 (Vernon 1989). In *Hightower v. State*, 629 S.W.2d 920, 926 (Tex. Crim. App. 1981), the court held there was no abuse of discretion to refuse an oral motion for continuance. *See also Gonzales v. State*, 470 S.W.2d 700, 701 (Tex.Crim.App. 1971) (the trial court did not abuse its discretion when it denied a motion for continuance that was oral, was not sworn, and did not meet the other requirements of article 29.06). *The trial court's refusal to grant a verbal motion for continuance*, whether made before or after trial commenced, *is not ground for reversal. Stubbs v. State*, 457 S.W.2d 563, 564 (Tex.Crim.App. 1970).

To *preserve error and challenge a trial court's refusal of a motion for continuance* made because of an absent witness, appellant must file a sworn motion for new trial, stating the testimony he expected to present by the witness. *Varela v. State*, 561 S.W.2d 186, 191 (Tex.Crim.App. 1978); *Flores v. State*, 789 S.W.2d 694, 698-99 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

. . . .

Appellant filed an application for a bench warrant for Andres Hernandez on June 23, 1992, the day of the trial, and the court issued the warrant on the same day. At the conclusion of the State's evidence, appellant's counsel orally moved for a continuance on the basis that the warrant had not been executed yet and that Hernandez was

5

material to the defense's case. The trial court denied appellant's motion. Appellant filed a motion for new trial accompanied by trial counsel's affidavit. The affidavit did not state what evidence or testimony Hernandez would present. *The trial court did not abuse its discretion in denying appellant's oral, unsworn motion for continuance. Moreover,* because appellant's motion for new trail did not comply with the requirements, appellant did not *preserve* error. We overrule appellant's ninth point of error." *Id.* at 833-34 (emphasis added).

Ashcraft alleged below that the failure by the state trial court to continue the case so the bench warrant could be executed "was a violation of Plaintiff's Sixth and Fourteenth Amendment . . . rights" to have compulsory process for attendance of witnesses. Ashcraft also asserted at least twice below that he intended to use findings in his instant section 1983 action to "apply . . . in his upcoming state habeas corpus 11.07 proceedings" (referring to the Texas habeas corpus statute; Tex. Code Crim. Proc. art 11.07).

**Discussion**

1. A criminal defendant cannot complain that he was denied access to the courts while represented by counsel. *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981). Moreover, a prisoner making such a complaint must show actual resulting prejudice to his legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). And, if establishing a section 1983 claim will demonstrate the invalidity of the conviction, the claim must be treated as one for habeas corpus, even if habeas-type relief is not requested, and must be dismissed if state remedies have not been exhausted. *Heck v.*

6

*Humphrey*, 512 U.S. 477, 481-82 (1994).

2. In order to prevail on his access to the courts claim, Ashcraft must establish he was without counsel in reference to his motion for new trial. *Tarter*. He must also prove his legal position was prejudiced. *Lewis*. As he was indigent, the absence of counsel arguably could amount to a violation of his Sixth Amendment right to counsel. *If* the absence of counsel at that time caused his appeal to be affirmed, instead of reversed, and especially *if*, as he alleged, caused denial of his Sixth and Fourteenth Amendment rights to have compulsory process for attendance of witness to be uncorrected, then the validity of his conviction could arguably be implicated. Accordingly, *if* Ashcraft has a valid section 1983 claim, dismissal under *Heck* for failure to exhaust was proper.

3. In any event, it is clear that there is no valid section 1983 claim.

To begin with, it appears that Ashcraft *was* represented by counsel. Trial counsel prepared the affidavit used to support the motion for new trial. Moreover, under the Texas rules, once appointed, Ashcraft's trial counsel was obligated to continue his representation through the appellate process unless he was permitted to withdraw by the trial court or relieved by the appointment of appellate counsel. *See* Vernon's Ann. Tex. C.C.P.

7

Art. 26.04 (West 1997).[5]  And, Ashcraft had appointed counsel on appeal.  That new counsel did not immediately contact him or work with him does not mean he was without counsel.  Nor would a few days' gap in technical representation have been material here for purposes of *Tarter*.

But even if Ashcraft was relevantly without counsel in connection with the motion for new trial, it is clear that he suffered no damage or harm as a result.[6]  The only relevant contention on the state appeal was whether the trial court erred in denying the motion for continuance.  Texas law requires such a motion to be in writing (Tex. Code Crim. Proc. art. 29.03) and sworn to (*Id*. art. 29.08), as the court of appeals expressly held.  That court *therefore* held that the trial court did not err "in denying appellant's oral, unsworn motion for continuance" and that "[t]he trial court's refusal to grant a verbal motion for continuance . . . is not ground for reversal."  The Texas Court of Criminal Appeals has long held that denial of an oral, unverified motion for continuance presents nothing for review.  As stated in *Montoya v. State*, 810 S..W. 2d 160, 176 (Tex. Crim. App. 1989),

_____

[5]Article 26.04(a) provides:  "[a]n attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel."  *Id*.

[6]And, the only relief prayed for is damages.  In any event, since Ashcraft has since been transferred out of the county, he would lack standing to pursue declaratory or injunctive relief.

8

*cert. denied*, 112 S.Ct. 426 (1991): "Because appellant's motion for continuance was neither in writing, Article 29.03, V.A.C.C.P., nor sworn to, Article 29.08, V.A.C.C.P., we are *compelled* to find that nothing has been presented for review." (Emphasis added). *Accord Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984) ("Appellant did not file a written motion for continuance. An oral motion for continuance presents nothing for review."); *Galvan v. State*, 461 S.W.2d 396, 398 (Tex. Crim. App. 1971) ("Since the motion [for continuance] was not sworn to by defendant himself, as required by Article 29.08, V.A.C.C.P., it is not before this Court for review"); *Stubbs v. State*, 457 S.W.2d 563, 564 (Tex. Crim. App. 1970) ("The trial court's refusal to grant a verbal application for a postponement or a continuance, whether made before or after trial commenced, is not ground for reversal"). A motion for new trial, filed more than a year after verdict and sentence, cannot change the fact that the motion for continuance, made and denied during trial and before verdict, was neither written nor sworn. Even if the motion for new trial had been in proper form, that necessarily would not have changed the fact that there was no error in overruling the oral, unsworn motion for continuance. *See, e.g., Stubbs*, cited by the court of appeals here and in which there was an apparently adequate motion for new trial.[7] Even if the motion

---

[7]Also, in *Montoya, Lewis,* and *Galvan* there is no mention of any lack of or insufficiency in any motion for new trial; the *sole* ground of affirmance is that the motion for continuance was oral or

for new trial had been in proper form, the conviction would nonetheless have been affirmed.  That is clear from the court of appeals' opinion and from settled Texas law.

It is clear that Ashcraft suffered no harm to his legal position by virtue of any inadequacy in the county library during any time (if any there was) he was not represented by counsel.

## Conclusion

Ashcraft demonstrates no reversible error in the dismissal without prejudice of his suit.[8]  The judgment of the district court is therefore

AFFIRMED.

unsworn or both.  Further, a ground of error can generally not be raised for the first time in a motion for new trial, but proper objection, motion, or the like must have been made when the complained-of event occurred during trial.  *See, e.g., Collins v. State*, 194 S.W.2d 410, 411 (Tex. Crim. App. 1946); *Maxwell v. State*, 115 S.W.2d 937, 939 (Tex. Crim. App. 1938).

[8]Ashcraft's complaint that he was entitled to a default judgment is without merit as defendants were never served in the severed suit in which his particular claim was first raised.