Opinion issued June 24, 2004







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00629-CR




CEDRICK RYAN HARRISON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 913903




MEMORANDUM OPINION

          A jury found appellant, Cedric Ryan Harrison, guilty of capital murder and,
having answered a punishment issue in the negative, assessed punishment at
confinement for life. In two issues on appeal, appellant contends that the trial court
erred in (1) denying his motion for continuance and his motion for new trial and (2)
denying his challenge of a veniremember for cause.
          We affirm.
Background
          On June 2, 2002, complainant, Felix Sabio, arrived at the Westfield Apartments
at 10:30 p.m. to pick up the parents of his friend, Daniel Tobias. Complainant was
to drive the parents to the airport to meet Daniel, who was arriving on a flight that
evening. As complainant waited for Daniel’s parents to come down from their
apartment, he was approached by appellant, who demanded complainant’s wallet. 
When complainant failed to immediately acquiesce to appellant’s demand, appellant
shot complainant in the chest with a pistol-grip shotgun and drove away in
complainant’s car. Complainant died of the shotgun wound.
Denial of Motions
          Prior to trial, appellant filed a motion for continuance, seeking 20 days to find
and question missing witnesses. This motion was denied. After trial, appellant filed 
a motion for new trial, asserting that the trial court erred in denying the motion for
continuance. This motion was overruled by operation of law. In his first point of
error, appellant contends that the trial court erred in denying his motion for
continuance and his subsequent motion for new trial.
 
A.      Motion for Continuance
          Appellant contends that the State violated a court order requiring it to produce
the name, address, and telephone number of all potential witnesses by failing to
produce the address and telephone number of a material witness—Dante Rush.
Consequently, appellant argues, he was unable to prepare an adequate defense prior
to trial and was entitled to a continuance to find and question Rush. Therefore,
appellant concludes, the trial court abused its discretion in denying his request for a
continuance.



          Upon the written motion of a defendant and upon a showing of sufficient cause,
a trial court may continue criminal proceedings. Tex. Code Crim. Proc. Ann. art.
29.03 (Vernon 1989). All motions for continuance must be sworn to by a person
having personal knowledge of the facts relied on for the continuance. Tex. Code
Crim. Proc. Ann. art. 29.08 (Vernon 1989). When a defendant’s motion for
continuance is based on the absence of a witness, the defendant must present to the
trial court, inter alia, the material facts expected to be proved by the witness, and it
must appear to the trial court that the facts are material. Tex. Code Crim. Proc.
Ann. art. 29.06 (Vernon 1989). 
          To preserve error and challenge a trial court’s refusal of a motion for
continuance made because of an absent witness, an appellant must file a sworn
motion for new trial, stating the testimony he expected to present by the witness. 
Flores v. State, 789 S.W.2d 694, 698-99 (Tex. App.—Houston [1st Dist.] 1990 no
pet.). A showing under oath by means of an affidavit of the missing witness or some
other source as to what that witness would testify must accompany the motion for
new trial. Benoit v. State, 561 S.W.2d 810, 817 (Tex. Crim. App. 1977).
          In the instant case, appellant’s motion for continuance was not accompanied
by an affidavit stating the material facts to which Rush would testify. Furthermore,
appellant failed to present any evidence during the hearing on his motion for
continuance as to what Rush would testify. Appellant also failed to file a sworn
motion for new trial stating the testimony he expected to elicit from Rush. The
unsworn motion for new trial appellant did file was unaccompanied by an affidavit
of the missing witness or other source indicating to what Rush would have testified. 
 
 
No hearing was held on the motion for new trial. Because appellant failed to preserve
error as to the trial court’s denial of his motion for a continuance, we hold that he
waived the issue on appeal. 
B.      Motion for New Trial
          Appellant contends that the trial court erred in denying his motion for new trial. 
However, appellant failed to provide this Court with any argument or authority
supporting this contention. Texas Rule of Appellate Procedure 38.1(h) provides that
the “brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.” Tex. R. App. P. 38.1(h). 
Appellant failed to support his argument on this issue with legal authority or with
references to the record. Conclusory arguments that cite no authority present nothing
for our review. See Yuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992). 
We hold that appellant has waived appellate review as to the trial court’s denial of his
motion for new trial. Tex. R. App. P. 38.1(h).
          We overrule appellant’s first point of error.
Voir Dire
          In his second point of error, appellant complains that veniremember J.
McCormack stated during voir dire that she could not consider probation as an
appropriate punishment for murder; thus, appellant contends, the trial court should
have struck the veniremember for cause. Instead of striking the veniremember, the
trial court attempted to rehabilitate her by asking her whether she could consider
probation in a case involving a mercy killing. Veniremember McCormack stated that
she could. Appellant asserts that the trial court’s query constituted an improper
commitment question. Thus, appellant contends the trial court erred in (1) denying
his challenge of veniremember McCormack for cause and (2) asking veniremember
McCormack an improper commitment question. 
A.      Challenge for Cause
          To preserve error with respect to a trial court’s denial of a challenge for cause,
an appellant must (1) assert a clear and specific challenge for cause, (2) use a
peremptory strike on the complained-of veniremember, (3) exhaust his peremptory
strikes, (4) request additional peremptory strikes, (5) identify an objectionable juror,
and (6) claim that he would have struck the objectionable juror with a peremptory
strike if he had one to use. Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim. App.
2003). Appellant failed to meet the third, fourth, fifth, and sixth requirements to
preserve error. Although appellant objected to veniremember McCormack and
ultimately used a peremptory strike on her, appellant failed to exhaust all his
peremptory strikes. It follows that appellant did not request additional peremptory
strikes. Furthermore, appellant has failed to identify an objectionable juror who
actually sat on the jury; nor can he claim that he would have struck the objectionable
juror with a peremptory strike if he had one to use.
          We hold that appellant has failed to preserve error as to his contention that the
trial court erred in denying his challenge for cause of veniremember McCormack.
B.      Commitment Question
          A commitment question is a question that commits a prospective juror to
resolve, or to refrain from resolving, an issue a certain way after learning a particular
fact. Standefer v. State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Often, such
questions ask for a “yes” or “no” answer in which one or both of the possible answers
commits the jury to resolve an issue a certain way. Id. Although not all commitment
questions are improper, those that include facts in addition to the facts necessary to
establish a challenge for cause may be improper. Id. at 182.
          To complain of an improper commitment question, a defendant must (1) make
a timely and specific objection to the improper question and (2) obtain a ruling on
such objection or, if the court refuses to rule on the objection, object to the court’s
refusal to rule. See Tex. R. App. P. 33.1(a); Geuder v. State, 115 S.W.3d 11, 13 (Tex. 
Crim. App. 2003). In the instant case, appellant failed to make a timely and specific
objection to the complained-of question.
          We hold that appellant has failed to preserve error as to his contention that the
trial court asked an improper commitment question.
          We overrule appellant’s second point of error.
 
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).