Opinion issued January 15, 2009 
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00392-CR
____________

DARRELL DIONDRE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 263rd District Court
Harris County, Texas
Trial Court Cause No. 1013902



 
MEMORANDUM OPINION

          A jury found appellant, Darrel Diondre Johnson, guilty of the felony of
aggravated robbery. See Tex. Penal Code Ann. § 29.03 (Vernon 2003). The jury
assessed punishment at life in prison and a $10,000.00 fine. Johnson presents a
single issue in his appeal, contending that the trial court abused its discretion by
denying his mid-trial request for a continuance to procure a witness. We affirm.
Facts
          On November 17, 2004, Marcus Jackson returned to a salvage yard with $3,500
in cash to buy a car he saw there, but discovered that the vehicle had already been
sold. After spending much of the day at his cousin’s house with his cousin and a
friend, Jackson went to the store, where he encountered Johnson, an acquaintance he
knew as “Little D.” Noticing that Johnson had a “for sale” sign in the window of his
Cadillac, he inquired into the asking price. Johnson told him that he would sell the
car for $3,500. Jackson said he thought the asking price was too high and countered
with an offer of $2,500, but the men could not reach an agreement. 
          Jackson returned to his cousin’s house for the evening. At some point, his
cousin and friend left, leaving Jackson alone in the house. Near 11:00 P.M., Johnson
came to the door. After Johnson indicated that he was open to further negotiations
concerning the sale of the car, Jackson let him into the house. Without saying another
word, Johnson promptly shot Jackson and warned him to get down. Jackson
complied, but Johnson shot him again. Johnson rummaged around the room, and, as
he headed out of the house, fired three more shots at Jackson. 
          With four gunshot wounds, Jackson noticed that the $3,500 cash was missing
and left the house to see if Johnson was still outside. When he did not see Johnson,
Jackson went across the street, where his godmother, Betty Pierre, lived, told her that
“Little D” had shot him, and asked her to call his wife. Pierre called the police and
Jackson’s wife, and Jackson was taken to the hospital. Jackson had one gunshot
wound to his arm, one to his leg, one from a bullet that grazed his head, and another
bullet lodged in his brain, which required surgical removal.
          About a month later, a police investigator contacted Jackson to take his
statement and have Jackson look at a photo array. Jackson immediately identified
Johnson’s photo as that of his attacker.
          Trial was originally set to begin on February 19, 2007. Before that setting,
defense counsel obtained a subpoena for Eugenia Jacobs to testify at trial as an alibi
witness. At the time, Jacobs was serving a ten-year sentence in the custody of the
Texas Department of Criminal Justice (TDCJ). The court continued the trial date,
however, and the trial did not begin until May 5, 2008.
          In the week before the May 2008 setting, defense counsel did not seek to renew
the subpoena, but spoke with the trial court’s staff to confirm that TDCJ would make
Jacobs available to testify. Defense counsel was told that TDCJ had transferred
Jacobs from a facility in Houston to one in Lockhart, but that, according to TDCJ, she
would be available to testify at trial. Defense counsel continued to follow up
concerning Jacobs’ whereabouts and availability. As of May 6, TDCJ still had not
sent Jacobs to Houston, and finally informed defense counsel that it could not get
Jacobs there to testify until May 8. 
          As soon as defense counsel learned of the delay, he moved for a recess and
continuance until May 8, explaining the unanticipated delay in Jacobs’s arrival and
that her testimony was crucial to Johnson’s defense. Defense counsel further
informed the trial court that Jacobs was expected to testify that she was Johnson’s
paramour and that, on the date of the incident, Johnson spent the entire day with her. 
The trial court postponed ruling and informed counsel that it would try its best to
arrange to have Jacobs attached and brought to court without further delay. 
          The State rested on May 6. The next day, Jacobs still had not arrived, and the
trial court stated that no further recess would be granted. As its reason for denying
the continuance, the trial court explained that Jacobs “was not subpoenaed in this trial
but previously subpoenaed in a former trial.” Following the ruling, the defense rested
without calling any witnesses.
Discussion
          In his sole issue, Johnson challenges the denial of his oral motion for
continuance. The Texas Code of Criminal Procedure states that “[a] criminal action
may be continued on a written motion for continuance fully setting forth sufficient
cause for the continuance.” Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). 
To preserve error in the denial of a motion for continuance based on the absence of
a witness, a defendant must show how the witness’s testimony would have been
material. Hubbard v. State, 912 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.]
1995, no pet.). A person with personal knowledge must swear to the facts relied on
for the continuance request. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 2006).
A motion for continuance that is neither in writing nor sworn presents nothing for
review. Montoya v. State, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989). 
Accordingly, we hold that Johnson waived his sole issue on appeal.
Conclusion
          We hold that Johnson waived his issue on appeal and therefore affirm the trial
court’s judgment.
 
Jane Bland
Justice
 
Panel consists of Justices Jennings, Hanks and Bland.

Do not publish. Tex. R. App. P. 47.2(b).